UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ARTAVIS GROVES, Plaintiff,

v. Civil Action No. 3:20-cv-P328-DJH

LOUISVILLE METRO POLICE DEP'T *et al.*, Defendants.

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion for leave to file an amended complaint (Docket No. 8). **IT IS HEREBY ORDERED** that this motion (DN 8) is **GRANTED** and the **Clerk of Court** is **DIRECTED** to **re-docket the motion (DN 8) as an amended complaint**. This matter is before the Court for screening of Plaintiff's complaint (DN 1) and amended complaint (DN 8) pursuant to 28 U.S.C. § 1915A. For the following reasons, this action will be dismissed.

**I.**

Plaintiff names as Defendants several officers from the Louisville Metro Police Department (LMPD) and one officer from the Kentucky State Police (KSP). He sues Defendants in both their official and individual capacities. Plaintiff alleges that Defendants violated his rights on January 26, 2018, when they executed a search "without of affidavit of search warrant."[1] He alleges that, as a result of the search, Defendants wrongfully seized two televisions and impounded his truck, which had a snow plow, a salt spreader mount and wire harness, valuable documents, and tools. Plaintiff states that this seizure of his personal property

---

[1] In the amended complaint, Plaintiff clarifies that he was arrested on January 26, 2018; indicted on May 13, 2018; and sentenced on August 2, 2019.

1

caused him to lose money and worsened his debt. He claims Defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments. As relief, Plaintiff seeks damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in

Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). While state law governs the length of the applicable statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). "Ordinarily, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson*, 510 F.3d at 635. In determining the accrual date, courts look to "what event should have alerted the typical lay person to protect his or her right." *Id.* (quoting *Kuhnle Bros. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)).

Here, Plaintiff's claims accrued on January 26, 2018, when Plaintiff alleges that Defendants unlawfully seized his personal property, despite his objections, during the course of his arrest. *See, e.g.*, *Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) (plaintiff's claims accrued on the date of the alleged illegal search and seizure); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) (same). The limitations period expired one year later on February 26, 2019. Plaintiff did not file the instant complaint until May 5, 2020,[2] over a year after the statute of limitations expired. Thus, this action is untimely and must be dismissed as frivolous. *See, e.g.*, *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

---

[2] Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff certifies that he delivered his complaint to the prisoner mail system for mailing on May 5, 2020.

## IV.

For the foregoing reasons, this action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
    Defendants
4415.011